# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Anthony L.,**
**Respondent Below, Petitioner**

**vs)  No. 18-0959** (Harrison County 18-DV-69-3)

**Shelbi P.,**
**Petitioner Below, Respondent**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, Anthony L., by counsel J. Michael Benninger, appeals the order of the Circuit Court of Harrison County, entered on September 19, 2018, that reversed an order of the family court and effected measures to protect Respondent Shelbi P.[1] Respondent appears by counsel Molly Russell and Ira Clinton Adams, III.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 30, 2018, Shelbi P. filed a domestic violence petition asserting that her former boyfriend, Anthony L., sexually assaulted her four days earlier. Ms. P.'s filing triggered the entry of an emergency domestic violence protective order pursuant to West Virginia Code 48-27-403. The Family Court of Harrison County conducted an evidentiary hearing, and subsequently entered an order denying the petition for a protective order and terminating the emergency protective order. Ms. P. appealed the denial to the Circuit Court of Harrison County, and the circuit court determined that the family court failed to make the necessary findings of fact to support its order. Consequently, it remanded the case to the family court to make those findings. On remand, the family court heard argument but did not consider additional evidence. Again, the family court denied the petition for a protective order and, again, Ms. P. appealed. In the second instance, the circuit court reversed the family court's denial and granted Ms. P.'s petition for a protective order. Mr. L. appealed.

---

[1]The circuit court's domestic violence protective order, effective for ninety days, expired under its own terms prior to the completion of this Court's briefing schedule. No party has argued that the appeal is moot, and we proceed to consider the merits of the appeal.

1

On appeal, Mr. L. presents five assignments of error: first, that the circuit court erred in treating certain evidence differently than the family court had; second, that the circuit court erred in finding that Mr. L. failed to rebut Ms. P.'s hearing testimony; third, that the circuit court erred in determining that Mr. L. did not contest Ms. P.'s allegations or offer evidence contesting the allegations; fourth, in finding, upon review of the recorded hearing, that Ms. P. testified credibly; and fifth, that the circuit court erred in disregarding certain evidence presented by Mr. L., such as receipts for gifts he purchased for Ms. P. at Victoria's Secret (a well-known intimate clothing retailer) the day prior to the assault. Our standard of review is: "Upon an appeal from a domestic violence protective order, this Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 1, *John P.W. ex rel. Adam W. v. Dawn D.O.*, 214 W. Va. 702, 591 S.E.2d 260 (2003).

We have extensively reviewed the appendix record on appeal in consideration of the assignments of error described in petitioner's brief, and find that the circuit court entered a cogent and well-reasoned order thoroughly addressing each argument petitioner makes here. We particularly note this passage, which is unassailable by evidence of even the most astounding number of lingerie receipts:

> This [c]ourt finds that the [f]amily court was clearly erroneous in several of its findings of fact. First, the [f]amily [c]ourt found that [Ms. P.] told [Mr. L.] "no," and "please stop" multiple times, and made no findings that contradicted her lack of consent. Accordingly, [Ms. P.] met her burden of showing by a preponderance of the evidence that an assault occurred. However, the [f]amily [c]ourt still was "not persuaded that [Mr. L.] has committed domestic violence. . . ."

In this state, "no means no." We thus, like the circuit court before us, find support for entry of the protective order in the very order that first denied it. The family court abused its discretion in failing to so recognize.

The circuit court's "Order Reversing Judgment of Family Court and Granting Domestic Violence Protective Order" summarizes the evidence presented by the parties below and addresses the parties' respective legal arguments. We have reviewed the parties' briefs and legal arguments concerning the assignments of error that each have raised, as well as the appendix record. We have also reviewed the circuit court's judgment utilizing the standard of review set forth above and find that there is no clear error in the circuit court's findings of fact and no abuse of discretion in its ultimate disposition. Accordingly, we incorporate and adopt the circuit court's findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order entered on September 19, 2018, to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2020

2

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison